Electronically Filed - OREGON - March 03, 2026 - 02:29 PM

## IN THE CIRCUIT COURT OF OREGON COUNTY
## STATE OF MISSOURI

KEVIN A. BORST,               )
                             )
      Plaintiff,             )
                             )     Case No.: 26AM-CC00001
v.                          )
                             )     **JURY TRIAL DEMANDED**
WERNER CO.,              )
      Serve: C T Corporation System  )
            5661 Telegraph Rd. Ste. 4B  )
            Saint Louis, MO 63129-4275 )
                             )
      Defendant.            )

## FIRST AMENDED PETITION

**COMES NOW**, Plaintiff Kevin A. Borst, by and through his counsel of record, Hall Ansley, P.C., and for his First Amended Petition against Defendant Werner Co., respectfully states, alleges and avers to the Court as follows:

### FACTS APPLICABLE TO ALL COUNTS

1.　　Plaintiff Kevin A. Borst is, and at all times relevant was, a citizen and resident of Oregon County, Missouri.

2.　　Defendant Werner Co., (hereinafter, referred to as "Werner") is a foreign corporation in good standing incorporated under the laws of the state of Delaware, doing business and selling products in, among other states, Missouri.

3.　　On March 28, 2021, Plaintiff went to the ACE Hardware store in Thayer, Missouri, and bought a 24-foot aluminum extension ladder designed, manufactured, and distributed by Werner; identified as model No.: D1124-2, Mark No.: 17, Date Code Stamp: 102044J (hereinafter the "ladder").

1

4. On October 1, 2023, Plaintiff was using the ladder with the intention of making some improvements on the roof of his home.

5. The ladder was equipped with anti-slip safety shoes, which Plaintiff placed securely on the ground below the roofline.

6. Plaintiff then positioned the ladder with the base section facing the home and fully extended the fly section so that it was facing him.

7. Once fully extended, Plaintiff leaned the ladder against the home.

8. After setting the ladder into place, Plaintiff climbed up the ladder so that he was on the third or fourth rung from the top.

9. Plaintiff set up the ladder with the intention of caulking and painting the dormers on his roof, and he was on the ladder conducting an initial inspection to locate potential damage and determine what tools and supplies would be necessary.

10. Plaintiff was not holding anything in his hands, and he had some small hand tools in his carpenter's belt around his waist.

11. Plaintiff was wearing "spider boots," which are often worn by first responders.

12. Plaintiff is approximately 6' ft. tall and weighed between 190-200 pounds at that time.

13. Plaintiff had no prior conditions or disabilities that would make him unable to properly utilize the ladder.

14. Within moments after reaching the third or fourth rung from the top of the ladder's fly section, the "i-beam" side rails of the base section of the ladder buckled outward (*i.e.* away from the home) between the fifth and sixth rungs of the base section. This caused Plaintiff to fall from his position on the fly section near the rooftop to the ground, causing him significant injuries.

2

Electronically Filed - OREGON - March 03, 2026 - 02:29 PM

15. As a direct and proximate result of the malfunction of the above referenced extension ladder, Plaintiff sustained serious and permanent injuries as described herein.

16. Venue is proper in this court pursuant to R.S.Mo §508.010.4.

### Count I - Strict Products Liability

COMES NOW, Plaintiff Kevin A. Borst, by and through his undersigned counsel, and for Count I of his cause of action against Defendant, respectfully states, alleges and avers to the Court as follows:

17. Plaintiff restates, re-alleges and incorporates herein by reference each and every prior paragraph of this Petition as though fully set forth herein *haec verba*.

18. At all times relevant, the ladder was used by Plaintiff in a manner reasonably anticipated and expected by Defendant.

19. The condition of the ladder remained substantially the same from the time Defendant manufactured, sold, supplied and/or placed the ladder into the stream of commerce until the date Plaintiff was injured.

20. At all times relevant, the ladder was defective and unreasonably dangerous when put to a reasonably anticipated use because:

    a. The ladder as designed, manufactured and/or sold was of inadequate strength to prevent its collapse as described herein;

    b. The ladder as designed, manufactured and/or sold was comprised of components inadequate to prevent its collapse;

    c. The ladder as designed, manufactured and/or sold was not suitable for its reasonably anticipated and intended use;

3

d.   The ladder as designed, manufactured and/or sold incorporated inadequate support for the aluminum frame, rails, rungs, and other component parts, which made those components prone to failure and collapse under reasonably foreseeable and anticipated circumstances and usage;

e.   The ladder as designed, manufactured and/or sold was comprised of faulty materials in the aluminum frame, rails, rungs, and other component parts, which made them prone to failure and collapse under reasonably foreseeable and anticipated circumstances and usage;

f.   The ladder was designed, manufactured and/or sold in a manner that made it unreasonably dangerous and defective for use in a reasonably anticipated and foreseeable manner;

g.   The ladder was designed, manufactured and/or sold without adequate warnings to purchasers, operators, and users to avoid injury due to the ladder's defective and unreasonably dangerous condition;

h.   The ladder as designed, manufactured and/or sold failed to incorporate any alternative or redundant safety mechanisms to keep the user safe from sudden and unexpected collapse like the one experienced by Plaintiff;

4

Electronically Filed - OREGON - March 03, 2026 - 02:29 PM

i.  The ladder was sold with inadequate instructions, directions or warnings to permit the purchaser, user or operator to use the ladder in such a way as to avoid sudden and unexpected collapse;

j.  The ladder was designed, manufactured and/or sold with inadequate instructions, directions or warnings to permit the purchaser, user or operator to use the ladder in such a way as to prevent sudden and unexpected collapse;

k.  The ladder was designed, manufactured and/or sold with inadequate instructions, directions or warnings to permit the purchaser, user or operator to use the ladder in such a way as to avoid injury caused by sudden and unexpected collapse;

l.  The ladder was sold with instructions, directions or warnings that improperly instructed the purchaser, user or operator to use the ladder in such a way as to increase the probability of its sudden and unexpected collapse; and/or

m.  The ladder was sold with instructions, directions or warnings that improperly instructed the purchaser, user or operator to use the ladder in such a way as to increase the probability of injury due to the ladder's sudden and unexpected collapse.

21.  As a direct and proximate result of the dangerous condition of the ladder as detailed herein, Plaintiff sustained a comminuted, displaced fracture of the distal right radius with dorsal dislocation of the carpus, which required an orthopedic fracture reduction procedure.

5

22. As a further direct and proximate result of the dangerous condition of the ladder as detailed herein, Plaintiff was caused to endure pain and suffering, disfigurement, disability and mental anguish in the past, and will be caused to endure the same in the future.

23. Plaintiff has incurred expenses for medical care and will have additional medical care in the future as a result of the injuries he sustained due to the ladder's collapse.

24. Plaintiff has suffered past wage loss damages, and will suffer additional wage loss damages in the future as a result of the injuries he sustained due to the ladder's collapse.

WHEREFORE, on Count I of this Petition, Plaintiff Kevin A. Borst prays this Court enter Judgment in favor of Plaintiff and against Defendant Werner Co. for such damages as shall be determined to be fair and reasonable under the circumstances, with his costs incurred herein, and post judgment interest thereon at the highest rate permitted by law; and for such other and further relief as the Court deems just and proper.

### Count II – Negligent Failure to Warn

COMES NOW, Plaintiff Kevin A. Borst, by and through his undersigned counsel, and for Count II of his cause of action against Defendant, pleading in the alternative, respectfully states, alleges and avers to the Court as follows:

25. Plaintiff restates, re-alleges and incorporates herein by reference each and every prior paragraph of this Petition as though fully set forth herein *haec verba*.

26. Defendant designed, manufactured, sold, supplied and/or placed the ladder into the stream of commerce.

27. The ladder was unreasonably dangerous when put to a reasonably anticipated use for all of the reasons set forth in Count I herein.

6

28.     At all times relevant, the ladder was used in a manner reasonably anticipated and expected by Defendant.

29.     The condition of the ladder remained substantially the same from the time Defendant designed, manufactured, sold, supplied and/or placed the ladder into the stream of commerce until the date Plaintiff was injured.

30.     Defendant had no reason to believe Plaintiff would discover the ladder was in an unreasonably dangerous condition prior to the ladder's collapse.

31.     Defendant either knew, or had information from which it should have known in the exercise of ordinary care, that the ladder was in an unreasonably dangerous condition at the time of its design, manufacture and/or sale.

32.     Defendant failed to adequately warn of such dangerous condition(s) as set forth in Count I, and was thereby negligent.

33.     As a direct and proximate result of the above described and unreasonably dangerous conditions of the ladder, Plaintiff was injured and damaged in the ways described in Count I herein.

WHEREFORE, on Count II of this Petition, Plaintiff Kevin A. Borst prays this Court enter Judgment in favor of Plaintiff and against Defendant Werner Co. for such damages as shall be determined to be fair and reasonable under the circumstances, with his costs incurred herein, and post judgment interest thereon at the highest rate permitted by law; and for such other and further relief as the Court deems just and proper.

### Count III - Strict Liability - Failure to Warn

COMES NOW, Plaintiff Kevin A. Borst, by and through his attorneys of record, Hall Ansley, P.C., and for Count III of his cause of action against Defendant, pleading in the alternative, respectfully states, alleges and avers to the Court as follows:

7

34.     Plaintiff restates, re-alleges and incorporates herein by reference each and every prior paragraph of this Petition as though fully set forth herein *haec verba*.

35.     Defendant designed, manufactured and/or sold the ladder in the ordinary course of Defendant's business.

36.     At the time of its design, manufacture and/or sale, the ladder was unreasonably dangerous when put to its reasonably anticipated use as set forth in Count I herein.

37.     Defendant failed to provide adequate instructions, direction and warnings as set forth in Count I herein.

38.     At all times relevant, the ladder was used in a manner reasonably anticipated and expected by Defendant.

39.     As a direct and proximate result of the above described unreasonably dangerous conditions of the ladder, and Defendant's failure to provide adequate instructions, directions and warnings and described in Count I herein, Plaintiff was seriously injured and damaged in the ways described in Count I.

WHEREFORE, on Count III of this Petition, Plaintiff Kevin A. Borst prays this Court enter Judgment in favor of Plaintiff and against Defendant Werner Co. for such damages as shall be determined to be fair and reasonable under the circumstances, with his costs incurred herein, and post judgment interest thereon at the highest rate permitted by law; and for such other and further relief as the Court deems just and proper.

### COUNT IV – Negligence

COMES NOW, Plaintiff Kevin A. Borst, by and through his attorneys of record, Hall Ansley, P.C., and for Count IV of his cause of action against Defendant, pleading in the alternative, respectfully states, alleges and avers to the Court as follows:

8

40. Plaintiff restates, re-alleges and incorporates herein by reference each and every prior paragraph of this Petition as though fully set forth herein *haec verba*.

41. Defendant owed a duty to Plaintiff to design, manufacture, and sell the subject extension ladder in a reasonably safe manner and to refrain from acts of negligence in the manufacture, design, and sale of the ladder that would cause the ladder to be dangerous when used for its intended purpose.

42. Defendant breached its duty and was negligent, careless and at fault in one or more of the following ways:

a. Negligently and carelessly failing to design and manufacture the ladder so that it would not twist, bend, or collapse when used in a reasonably foreseeable and anticipated manner;

b. Negligently and carelessly failing to design and manufacture the ladder so that its aluminum rails would be of sufficient strength to resist twisting, bending or collapse when used in a reasonably foreseeable and anticipated manner;

c. Negligently and carelessly failing to properly test the ladder and identify potential design and/or manufacturing defects in the aluminum rails before the ladder was distributed, sold, and placed into the stream of commerce; and/or

d. Negligently and carelessly failing to design and manufacture the ladder so that it was safe and free from defects while being used in a reasonably foreseeable and anticipated manner.

43.     As a direct and proximate result of Defendant's negligence, Plaintiff was injured and damaged in the ways described in Count I herein.

WHEREFORE, on Count IV of this Petition, Plaintiff Kevin A. Borst prays this Court enter Judgment in favor of Plaintiff and against Defendant Werner Co. for such damages as shall be determined to be fair and reasonable under the circumstances, with his costs incurred herein, and post judgment interest thereon at the highest rate permitted by law; and for such other and further relief as the Court deems just and proper.

### COUNT V – Breach of Implied Warranty of Fitness

COMES NOW, Plaintiff Kevin A. Borst, by and through his attorneys of record, Hall Ansley, P.C., and for Count V of his cause of action against Defendant, pleading in the alternative, respectfully states, alleges and avers to the Court as follows:

44.     Plaintiff restates, re-alleges and incorporates herein by reference each and every prior paragraph of this Petition as though fully set forth herein *haec verba*.

45.     In designing, manufacturing and/or selling the ladder, Defendant impliedly warranted that the ladder was fit for all purposes reasonably foreseeable to its use, and was free from defect.

46.     Defendant breached the implied warranty of fitness of foreseeable and reasonable use, the ladder being defective in one or more of the following ways:

    a.     Failing during normal, intended and foreseeable use;

    b.     Failing to provide appropriate, necessary and/or reasonable safety features, instructions, directions and warnings for the user of the ladder; and

10

c.   Incorporating defective, inadequate and/or dangerous components into the design and/or manufacture of the ladder; and

d.   all of the ways more particularly described in Counts I-IV herein.

47.   As a direct and proximate result of the Defendant's breach of the implied warranty of fitness of the ladder, Plaintiff was injured and damaged in the ways described in Count I herein.

WHEREFORE, on Count V of this Petition, Plaintiff Kevin A. Borst prays this Court enter Judgment in favor of Plaintiff and against Defendant Werner Co. for such damages as shall be determined to be fair and reasonable under the circumstances, with his costs incurred herein, and post judgment interest thereon at the highest rate permitted by law; and for such other and further relief as the Court deems just and proper.

## COUNT VI – BREACH OF EXPRESS WARRANTY OF FITNESS

COMES NOW, Plaintiff Kevin A. Borst, by and through his attorneys of record, Hall Ansley, P.C., and for Count VI of his cause of action against Defendant, pleading in the alternative, respectfully states, alleges and avers to the Court as follows:

48.   Plaintiff restates, re-alleges and incorporates herein by reference each and every prior paragraph of this Petition as though fully set forth herein *haec verba*.

49.   Defendant expressly represented and warranted that the subject extension ladder was "ideal for . . . do-it-yourselfers," and has a "225-pound load capacity . . . [with] heavy duty modified I-beam side rails."

50.   Plaintiff relied on the express representations and warranties made by Defendant in using and purchasing the ladder.

11

51.     The ladder failed to meet Defendant's express representations and warranties, as the product collapsed during ordinary, reasonable and foreseeable use through no fault of the Plaintiff, causing severe injury to Plaintiff.

52.     The ladder was defective, dangerous, and did not contain reasonable or appropriate instructions, directions or warnings at the time it left Defendant's control for the reasons previously described herein.

53.     As a direct and proximate result of the Defendant's breach of the express warranty of the ladder, Plaintiff was injured and damaged in the ways described in Count I herein.

WHEREFORE, on Count VI of this Petition, Plaintiff Kevin A. Borst prays this Court enter Judgment in favor of Plaintiff and against Defendant Werner Co. for such damages as shall be determined to be fair and reasonable under the circumstances, with his costs incurred herein, and post judgment interest thereon at the highest rate permitted by law; and for such other and further relief as the Court deems just and proper.

### COUNT VII – Negligent Supply of Dangerous Instrumentality

COMES NOW, Plaintiff Kevin A. Borst, by and through his attorneys of record, Hall Ansley, P.C., and for Count VII of his cause of action against Defendant, pleading in the alternative, respectfully states, alleges and avers to the Court as follows:

54.     Plaintiff restates, re-alleges and incorporates herein by reference each and every prior paragraph of this Petition as though fully set forth herein *haec verba*.

55.     In designing, manufacturing and selling the ladder as described above, Defendant Werner supplied a dangerous instrumentality for plaintiff's use.

56.     The ladder had a defect or hazard in that its I-beam side rails buckled and bent during reasonably foreseeable and anticipated use by the Plaintiff.

12

57.     The ladder was unreasonably dangerous when put to a reasonably anticipated use.

58.     Defendant knew, or in the exercise of reasonable care during the designing, testing, and/or manufacturing of the ladder, could have known of the dangerous condition of the ladder.

59.     Defendant failed to exercise ordinary care in the design, manufacture, and testing of the ladder to either make the ladder reasonably safe or adequately warn purchasers, users or operators of the ladder of the potential hazard it posed due to its propensity to collapse during use.

60.     As a direct and proximate result of the Defendant's negligence, Plaintiff was injured and damaged in the ways described in Count I herein.

WHEREFORE, on Count VII of this Petition, Plaintiff Kevin A. Borst prays this Court enter Judgment in favor of Plaintiff and against Defendant Werner Co. for such damages as shall be determined to be fair and reasonable under the circumstances, with his costs incurred herein, and post judgment interest thereon at the highest rate permitted by law; and for such other and further relief as the Court deems just and proper.

HALL ANSLEY,
A Professional Corporation

By: */s/ Adam P. Pihana*
STEVEN J. BLAIR
Missouri Bar Number 52706
ADAM P. PIHANA
Missouri Bar Number 59540

3275 East Ridgeview
Springfield, Missouri 65804
Telephone:     417/890-8700
Facsimile:     417/890-8855
Email: sblair@hallansley.com
Email: apihana@hallansley.com

*Attorneys for Plaintiff*

13